# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL T. SCOTT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> CAPT. MOUNT, ) <br> C/O EWING, ) <br> C/O HAYNES, and ) <br> TRAVIS ALLEN, ) <br> ) <br> Defendants. | Case No. 18-cv-1843-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Michael T. Scott brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Amended Complaint, Plaintiff alleges that while he was a pretrial detainee at Jefferson County Jail, Defendants interfered with his mail. He asserts claims against the defendants under the Fourteenth Amendment. Plaintiff's Complaint was initially dismissed and judgment entered when Plaintiff failed to follow the Court's Order (Doc. 16) to submit a signed Complaint. (Docs. 18 and 19). Plaintiff subsequently asked to vacate the judgment because he did not receive the Court's Order until after the deadline to submit his signed Complaint. (Doc. 22). In addition to his motion, Plaintiff submitted a signed Amended Complaint. (Doc. 23). The Court granted the motion to vacate. (Doc. 24).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is

1

legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

In his Amended Complaint (Doc. 23), Plaintiff makes the following allegations: On December 27, 2017, a fellow detainee, Michael Johnson, woke Plaintiff and handed him a piece of mail. (Doc. 23, p. 6). Johnson informed Plaintiff that he received the mail from C/O Ewing after C/O Ewing tried unsuccessfully to wake Plaintiff to deliver the mail. (*Id*.). Plaintiff was concerned that C/O Ewing delivered Plaintiff's mail to Johnson because the mail had his name and personal address on the envelope. (*Id*.). He put in a number of grievances concerning the delivery of his mail on December 27, 2017, seeking an explanation as to why C/O Ewing gave his mail to Johnson. He was not given a satisfactory explanation and submitted another grievance on December 28, 2017. Also on December 28, he spoke with Capt. Mount, who told Plaintiff that he would look into the situation. (*Id*.). He put in another grievance on December 29, 2017 and did not receive a satisfactory response. No explanation was ever provided as to why C/O Ewing gave Plaintiff's mail to Johnson when Plaintiff had not given Johnson permission to receive mail on his behalf. (*Id*.).

### Preliminary Dismissals

Although C/O Haynes and Travis Allen are listed as Defendants in the caption of Plaintiff's Amended Complaint, Plaintiff fails to include any allegations against them in his statement of claim. As he fails to allege that these individuals violated his constitutional rights, the Court **DISMISSES without prejudice** C/O Haynes and Travis Allen for failure to state a claim upon

which relief may be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (must associate specific defendants with specific claims, so defendants are put on notice).

Similarly, Plaintiff fails to allege that Capt. Mount violated his constitutional rights. Although Plaintiff alleges in his Amended Complaint that he spoke with Capt. Mount about the way C/O Ewing delivered his mail, Plaintiff fails to allege that Capt. Mount participated in any violation of Plaintiff's rights. As such, Capt. Mount is also **DISMISSED without prejudice** for failure to state a claim.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following single count:

**Count 1:** C/O Ewing interfered with Plaintiff's mail in violation of the Fourteenth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

Prisoners have protected First Amendment interests in both sending and receiving mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). An inmate's legal mail is entitled to even greater protections because of the potential for interference with the Fourteenth Amendment right of access to the courts. *Guajardo–Palma v. Martinson,* 622 F.3d 801, 802 (7th Cir. 2010). Regulations or practices which deny a prisoner access to non-legal mail, however, can also implicate the First Amendment and must be tailored to a legitimate penological interest. *Rowe,*

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

196 F.3d at 782. A valid claim typically requires "a continuing pattern or repeated occurrences" of mail interference. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). This includes a prisoner's claim of ongoing interference with his legal mail. *Castillo v. Cook Cnty. Mail Room Dep't*, 990 F.2d 304, 306 (7th Cir. 1993). This also includes a prisoner's claim that his legal mail was opened, delayed for an inordinate period of time, and even lost. *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996). However, isolated incidents of interference with legal mail are generally insufficient to maintain a claim. *Guarjardo-Palma*, 622 F.3d at 805-06.

Here, Plaintiff fails to state a claim for interference with mail. Plaintiff alleges that a single piece of mail was handed to his fellow detainee Johnson by C/O Ewing rather than handed directly to Plaintiff. Plaintiff does not allege that this was a piece of legal mail. Instead, Plaintiff merely expresses concern that Johnson was able to see his personal address and name on the front of the envelope. There is also no indication that either C/O Ewing or Johnson opened the mail before handing it to Plaintiff. Even if the envelope did contain legal mail, Plaintiff has only alleged a single instance where his mail was not handed directly to him. Such an isolated incident does not amount to a constitutional violation. As such, the Court finds that Plaintiff fails to state a claim for interference with mail.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **June 19, 2019**. Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed.

R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the First Amended Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/22/2019**

s/J. Phil Gilbert
**United States District Judge**